IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-752-BO

| | |
|---|---|
| JOSHUA M. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT WOLFE, individually and in his | ) |
| official capacity as an officer with the Town | ) |
| of Garner, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court on defendant's motion for summary judgment [DE 21], defendant's motions for sanctions [DE 27 and 33], and plaintiff's motion to exempt this case from mediation [DE 31]. For the following reasons, the first motion for sanctions is GRANTED and this matter is DISMISSED WITH PREJUDICE. The remaining motions are DENIED AS MOOT.

## BACKGROUND

On July 9, 2014, United States Magistrate Judge James E. Gates signed an order allowing defendant's motion to compel and requiring plaintiff to provide complete discovery responses on or before July 23, 2014. The order specifically notes, "[a]ny objections by plaintiff to the production requests or interrogatories were waived by his failure to timely respond to them." [De 19 at 6]. The order does allow plaintiff to set forth objections based on privilege and work product, as long as a privilege log is provided. [DE 19 at 6].

On July 18, 2014, counsel for defendant sent a letter to plaintiff's counsel setting forth the areas where the discovery responses of plaintiff were incomplete and requesting that plaintiff

provide complete discovery responses. Plaintiff's counsel did not respond to that correspondence and defendant then filed its motion for sanctions on July 31, 2014.

## DISCUSSION

I.    MOTIONS FOR SANCTIONS.

Defendant has filed two motions for sanctions with the Court. The first motion pertains to discovery requests served by the defendant on plaintiff and the order of Magistrate Judge Gates filed with the Court on July 9, 2014 which granted defendant's motion to compel. [DE 19]. Magistrate Judge Gates's order required plaintiff to provide complete discovery responses on or before July 23, 2014. Defendant states that plaintiff failed to provide complete discovery responses by that date despite plaintiff's counsel's attempt to obtain them. Defendant filed the first motion for sanctions on July 31, 2014 to which plaintiff did not file a response.

"Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." *Mutual Federal Savings and Loan Assoc. v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Such a sanction includes "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A). Defendant has sufficiently established that plaintiff failed to comply with Magistrate Judge Gates's discovery order. [DE 28 at 4–6]. Defendant specifically asks for a sanction of dismissal with prejudice for defendant's failure to comply with Magistrate Judge Gates's order. [DE 28 at 6–9].

In examining whether a dismissal or default is an appropriate sanction for failure to comply with a discovery order of the Court, the Court considers four factors:

(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for

2

deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mutual Federal*, 872 F.2d at 92. The Court finds that, in this case, dismissal is an appropriate sanction. The Court finds bad faith here because Magistrate Judge Gates specifically warned plaintiff that failure to comply with his order could result in sanctions, four months have passed without explanation from plaintiff as to why he has failed to comply with the Court's order, and plaintiff failed to provide an explanation in the form of a response to the motion. *Joyner v. Eckard Family Youth Alternatives, Inc.*, 2010 WL 3743766, *2 (E.D.N.C. Sept. 23, 2010). Therefore the Court finds that plaintiff's bad faith is evident.

Second, the Court finds that defendant is prejudiced by plaintiff's noncompliance. It is undisputed that over four months have passed since plaintiff was to have provided complete discovery responses and defendant still does not have complete answers to his requests. "It is obvious this prejudices [defendant's] ability to defend against plaintiff's claims." *Id.*

Third, the Court believes that noncompliance with this Court's orders must be deterred. Plaintiff has not appeared to make any attempt to comply with the Court and he has not offered any reason, no matter how unsound, for his non-compliance. It is unwise to allow plaintiff's actions here where it would set an example for other litigants to completely ignore this Court's orders. Further, defendant specifically requests dismissal of the action in his motion and plaintiff has not responded to the motion. Therefore, the Court finds that any lesser sanction would be futile or ineffective. *See id.* at *3.

Magistrate Judge Gates specifically warned plaintiff that failure to comply with his order "shall subject him to the impositions of sanctions, which may include dismissal of his claims with prejudice." [DE 19 at 7]. This warning suffices as adequate notice of the possible consequences for failure to comply with the order. *See Hathcock v. Navistar Int'l Transp. Corp.*,

3

53 F.3d 36, 40 (4th Cir. 1995). Accordingly, the Court grants defendant's motion for sanctions [DE 27], and dismisses this action with prejudice as a result of plaintiff's failure to comply with the Court's orders.

Defendant further requests that this Court order plaintiff to pay defendant's attorney's fees incurred by plaintiff's failure to comply with the Court's July 9, 2014 order. However, the Court notes that the end result of defendant's motion is the dismissal of plaintiff's claims against him. The Court finds that this sanction is amongst the most severe available to it and that the dismissal of plaintiff's action is a sufficient sanction on its own. The Court does not award fees as a result.

Defendant's second motion for sanctions concerns the payment of attorney's fees awarded by this Court on August 20, 2014 [DE 29]. Magistrate Judge Jones awarded defendant $1809 in attorney's fees and ordered that they be paid by plaintiff on or before September 8, 2014. [DE 29]. On October 24, 2014, defendant provided the Court with evidence that plaintiff had paid the ordered amount, but had done so one day late in violation of this Court's order. However, as the relief sought by defendant has already been afforded him by this Court's grant of the first motion for sanctions, the Court hereby denies the second motion for sanctions [DE 33] as moot and declines to award attorney's fees.

## II.     THE REMAINING MOTIONS ARE MOOT.

Still pending before this court are defendant's motions for summary judgment and to exempt the case from mediation. As the Court has now sanctioned plaintiff by dismissing this matter in its entirety with prejudice, the remaining motions are now moot and are denied as such.

4

## CONCLUSION

For the foregoing reasons, defendant's first motion for sanctions is GRANTED. The Court hereby SANCTIONS plaintiff for failing to comply with its orders and DISMISSES this action WITH PREJUDICE. The remaining motions are DENIED AS MOOT. No attorney's fees are awarded. The Clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the ___1___ day of December, 2014.

_Terence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5